UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WILLET, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE FEDERAL SAVINGS BANK<br><br>*Defendant.* | Case No. 1:25-cv-11344 |

**JOINT INITIAL STATUS REPORT**

I. **Nature of the Case:**

    A. Identify (names and contact information) all attorneys of record for each party, including the lead trial attorney.

**Plaintiff:**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
Email: anthony@paronichlaw.com

Brian K. Murphy (Lead Trial Attorney)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
Email: murphy@mmmb.com

Defendant: The Federal Savings Bank:
Steven M. Hartmann (ARDC No. 6185428)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6528

1

shartmann@freeborn.com

V. Amanda Witts
Nonny George
Mitchell Sandler
1120 20th Street, NW, Suite 725
Washington, DC 20036
(202) 886-5267
v.awitts@mitchellsandler.com
ngeorge@mtichellsandler.com

  B. <u>Briefly</u> describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

 Plaintiff William Willet brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that The Federal Savings Bank ("TFSB" or "Defendant") made repeated telemarketing calls to him and other consumers who were listed on the National Do Not Call Registry without their prior express written consent. Plaintiff also asserts claims on behalf of a class of individuals who had previously requested not to be contacted but continued to receive telemarketing calls.

No counterclaims or third-party claims have been filed to date.

 TFSB denies these allegations, and denies that any class could be certified.

  C. <u>Briefly</u> identify the major legal and factual issues in the case.

- Whether Defendant or its agents made telemarketing calls to Plaintiff and putative class members without prior express written consent.
- Whether Defendant maintained and followed procedures for honoring internal do-not-call requests as required by 47 C.F.R. § 64.1200(d).
- Whether Defendant's actions violated the TCPA and FCC implementing regulations.
- Whether Defendant's conduct was willful or knowing, entitling Plaintiff to treble damages.
- Whether the requirements for class certification under Rule 23 are satisfied.

  D. State the relief sought by any of the parties. Estimate/quantify the damages, if any.

 Plaintiff seeks up to $1,500 per violation of the TCPA for each unsolicited call, statutory and injunctive relief to enjoin further unlawful telemarketing

 Defendant adds the following factual issues: (1) Whether Plaintiff provided prior written consent to receive the calls at issue, (2) the ways in which written consent and permission were extended to Defendant prior to any purported phone call(s); (3) whether Plaintiff had an established business relationship with TFSB; (4) whether Defendant placed any telephone calls,

2

or could be otherwise liable for such calls, and, (5) the purported nuisance or actual damages or injury for the alleged phone calls.

II. **Jurisdiction:** Explain why the Court has subject matter jurisdiction over plaintiff(s)' claim(s).

    A. Identify all federal statutes on which federal question jurisdiction is based.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

III. **Status of Service:** Identify any defendant(s) not yet served.

None.

IV. **Consent to Proceed Before a United States Magistrate Judge:**

    A. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?

Yes.

    B. Do all parties unanimously consent to that procedure?

No.

V. **Motions:**

    A. Briefly describe any pending motions.

None.

    B. State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of motion.

The Defendant filed an Answer.

VI. **Case Plan:**

    A. Submit a proposal for a discovery plan, including the following information:

        (1) The general type of discovery needed;

Plaintiff intends to seek discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's

policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

The Plaintiff also opposes bifurcating discovery and requests that this Court deny that request Judge Bucklo recently did in a TCPA case last year. *See Zielonksi v. eHealth Insurance Services, Inc.*, Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should hold the same here.

In short, Defendant's request for bifurcation would not streamline the case; it would multiply proceedings, generate duplicative discovery, and delay the Rule 23 analysis that must necessarily address facts intertwined with the merits. Courts in this District frequently reject bifurcation requests in TCPA cases for these exact reasons. The Court should do the same here and permit unified discovery to proceed without delay.

**Defendant:** TFSB proposes bifurcated discovery between the merits of Plaintiff's individual claims and class-side issues. A Plaintiff's consent to receive telephone calls provides a complete defense to a TCPA claim. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). This Court has discretion to bifurcate discovery between the merits of Plaintiff's individual claims, and classwide issues, in the interests of judicial economy and efficiency. FED. R. CIV. P. 26(c)(1)(A), (D). Other courts, in the interest of judicial economy, have phased discovery in this way to address whether the named plaintiffs' individual claims have merit, and then, if necessary, to address class claims. *See, e.g.*, *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 680-1, 685 (4th Cir. 1986) (affirming phasing of discovery where district court "agreed with counsel … that plaintiffs would be required 'to establish viable individual actions' before class discovery would be allowed") (citations omitted); *Stavroff v. Midland Credit Mgmt. Inc.*, No. 3:05-CV-127 AS, 2005 WL 6329149, at *6-7 (N.D. Ind. June 8, 2005) (bifurcating discovery to avoid expending time and resources on class issues if plaintiff cannot prove the merits of his case); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665 (D. Minn. 2002) (ordering completion of

4

discovery as to the claims of the four named plaintiffs prior to extensive discovery on the merits of the class claims).

In the alternative, should the Court determine that the above plan for bifurcation is not appropriate, TFSB proposes that discovery be conducted on Plaintiff's individual claims and the merits of class certification, and dispositive motion and motion for class certification deadlines be set at this time. Should a class be certified, a deadline should be then set for additional discovery on class claims and defenses.

    (2) A date for Rule 26(a)(1) disclosures;

December 9, 2025

    (3) First date by which to issue written discovery;

November 12, 2025

    (4) Deadline to amend pleadings and add parties;

February 17, 2026

    (5) A fact discovery on individual claims completion date;

June 30, 2026

    (6) If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

August 31, 2026 to complete with expert reports due July 31, 2026.

    (7) A proposed date for the filing of dispositive motions (the Court encourages parties to review its standing orders on Summary Judgment).

October 1, 2026, including a motion for class certification.

  B. With respect to trial, indicate the following: Whether a jury trial is requested; and if so, the estimated length.

A jury trial has been demanded. The parties estimate the trial will last 4–5 days.

**VII.** **Status of Settlement Discussions:**

  A. Indicate whether any settlement discussions have occurred;

5

    B.  Indicate whether a settlement demand has been made;

    C.  Describe the status of any settlement discussions; and

    D.  Whether the parties request a settlement conference.

Not at this time.

**VIII.  Other**

    A.  Is there anything else that plaintiff(s) wants the Court to know?

Not at this time.

    B.  Is there anything else that defendant(s) wants the Court to know?

Not at this time.

RESPECTFULLY SUBMITTED AND DATED this November 17, 2025.

    Plaintiff,
    By Counsel,

    By: */s/ Anthony Paronich*
    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    (617) 485-0018
    anthony@paronichlaw.com

    Brian K. Murphy
    Murray Murphy Moul + Basil LLP
    1114 Dublin Road
    Columbus, OH 43215
    Tel: 614-488-0400
    Fax: 614-488-0401
    murphy@mmmb.com

    By:    */s/ V. Amanda Witts*

    V. Amanda Witts, Esq.
    Nonny O. George, Esq.

MITCHELL SANDLER PLLC
2020 K Street, NW, Suite 760
Washington, DC 20006
(202) 886-5260
v.awitts@mitchellsandler.com
ngeorge@mitchellsandler.com
    *and*

Steven M. Hartmann (ARDC No. 6185428)
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6528
shartmann@sgrlaw.com

*Attorneys for Defendant,*
*The Federal Savings Bank*