IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WILLET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 11344 |
| v. | ) | |
| | ) | District Judge Georgia N. Alexakis |
| FEDERAL SAVINGS BANK | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendant, | ) | |

**ORDER**

The Court has reviewed the joint initial status report (D.E. 19), which is construed as a contested defense motion to bifurcate class and merits discovery. The Court thanks the parties for succinctly and effectively conveying their positions on that issue, in the status report. It is a recurring issue with which the Court is familiar. The Court decides this motion within its broad discretion to manage discovery on referral, *see Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), and to promote the just, speedy and inexpensive determination of the matter. Fed. R. Civ. P. 1.

The Court is adopting the reasoning of Judge Harjani: "The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim …. [T]he district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between 'class discovery' and 'merits discovery' are significantly blurred. The Court has reviewed Plaintiff's claims and determined

that this is the case here." *Katz v. Allied First Bank, SB*, No. 22 C 5277 (N.D. Ill. Jan. 3, 2023) (D.E. 14), citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351-52 (2011).

To elaborate, the Court notes that declining to bifurcate class and merits discovery in putative TCPA class actions is a frequent approach in this district. *See Bilek v. Federal Ins. Co.*, 344 F.R.D. 484, 490-91 (N.D. Ill. 2023); *Hossfeld v. Allstate Ins. Co.*, No. 20-cv-7091, 2021 WL 4819498, at *3 (N.D. Ill. Oct. 15, 2021). Bifurcating class and merits discovery also may lead to inefficiencies such as disputes over whether a particular discovery avenue concerns class or merits discovery, and that is another reason to deny the bifurcation request. *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 204 (N.D. Ill. 2018). Moreover, in considering expediency (whether bifurcation will promote a timely determination on class certification), economy, and severability (meaning whether the class and merits issues are enmeshed), *see Reid v. Unilever U.S., Inc.*, 964 F Supp. 2d 893, 932 (N.D. Ill. 2013), the Court finds that bifurcation is not likely to delay certification unduly, and the boundaries between class and merits discovery in this TCPA action are not so easily discernible as to weigh in favor of bifurcation, distinguishing this case from *Reid*.

The party seeking to bifurcate discovery has the burden of demonstrating that good cause exists for it. *Bilek*, 344 F.R.D. at 488. Defendant's argument for bifurcation based on a preferred initial focus on plaintiff's individual claims is not baseless, but the Court was not persuaded by defendant's citation of three out-of-district cases for the notion that merits discovery will not overlap with or even aid certification issues in this TCPA putative class action, as the *Bilek* court determined that it might in the TCPA context. *Id.* at 490-91. And as was the case in *Bilek*, *id.* at 492, defendant here has floated as an "alternative" suggestion that merits discovery into plaintiff's individual claims and into class certification could proceed. The Court is not seeing a practical

2

difference between non-bifurcated discovery and the alternative proposal defendant advances. In short, the Court does not see good cause for bifurcation.

For those reasons, the bifurcation motion is denied.

**SO ORDERED.**

                                              **ENTER:**

                                              _____
                                              **GABRIEL A. FUENTES**
                                              **United States Magistrate Judge**

**DATED: November 19, 2025**