IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WILLET, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE FEDERAL SAVINGS BANK, ~~an Illinois Federal Savings Association~~ and ICONIC RESULTS LLC,<br><br>~~Defendant~~Defendants. | Case No. 1:25-cv-11344<br><br>Judge Georgia N. Alexakis<br><br>Magistrate Judge Gabriel A. Fuentes<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR ~~DAMAGES,~~ STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**Preliminary Statement**

1.   Plaintiff William Willet ("Plaintiff") brings this action under the TCPA alleging that Defendant ~~The Federal Savings Bank ("FSB~~Iconic Results LLC ("Iconic Results") made telemarketing calls for purposes of promoting ~~its~~Defendant The Federal Savings Bank's ("FSB's") goods and services without his prior express written consent to him and other individuals that were listed on the National Do Not Call Registry.

2.   Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

3.   A class action is the best means of obtaining redress for ~~Defendant's~~Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

4.   Plaintiff William Willet is an individual.

5. Defendant FSB is a privately held, federally chartered, FDIC-insured bank headquartered at 4120 W. Diversey Ave, Suite C501, Chicago, IL 60639 and with another branch located in Lake Forest, Illinois.

6. Defendant Iconic Results is a limited liability company.

### Jurisdiction & Venue

~~6.~~7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

~~7.~~8. The Court has personal jurisdiction over FSB because its principal place of business is in this District.

9. The Court has specific personal jurisdiction over Iconic Results because it entered into a contract with FSB in this District.

~~8.~~10. Venue is proper under 28 U.S.C. § 1391(b)(~~1~~2) because ~~Defendant is~~ a ~~resident~~substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### TCPA Background

~~9.~~11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

~~10.~~12. Section 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

~~11.~~ 13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

~~12.~~ 14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

~~13.~~ 15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

~~14.~~ 16. FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do-not-call list. 47 C.F.R. § 64.1200(d).

~~15.~~ 17. Courts across the country have held that 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. § 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

~~16.~~ 18. To engage in telemarketing, a company's do-not-call list procedures must satisfy six specific minimum requirements. 47 C.F.R. § 64.1200(d)(1)-(6).

~~17.~~ 19. One of them is maintaining an internal do-not-call list. *Id.* at § (d)(6).

~~18.~~ 20. Another is training personnel regarding the existence and use of the internal do-not-call list. *Id.* at § (d)(2).

~~19.~~ 21. And still another is recording do-not-call requests and complying with them. *Id.* at

§ (d)(3).

~~20~~ 22. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

**Factual Allegations**

~~21~~ 23. FSB is a privately held, federally chartered bank. FSB specializes in mortgage lending, including adjustable-rate and fixed-rate mortgages, FHA loans, Veteran Affairs home loans, and other loan products. The bank also offers deposit products including certificates of deposit (CDs), checking accounts, and savings and money market accounts that earn interest.

~~22~~ 24. While headquartered in Illinois, as a federal-chartered institution, FSB is able to provide home lending and other lending services in all 50 states and employs bankers across the country.

~~23~~ 25. FSB has a specific client-focus on U.S. veterans, and about 30 percent of its lending services is directed to veterans.

~~24~~ 26. FSB utilizes nationwide telemarketing through third parties, such as Iconic Results, to promote its mortgage business, including targeting such telemarketing efforts towards veterans such as Plaintiff.

Calls to Plaintiff

~~25~~ 27. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

~~26~~ 28. Plaintiff's telephone number, (513) 807-XXXX, is a residential number.

~~27~~ 29. Plaintiff's telephone number was on the National Do Not Call Registry, and had been for more than 30 days, when it was called by Defendant.

~~28.~~30. Plaintiff's telephone number is primarily used for personal purposes and is not associated with a business.

~~29.~~31. In July 2023, Plaintiff communicated via email with FSB about its loan products. Plaintiff never took a loan with FSB and expressly informed its employees that its offerings were insufficient for his needs.

~~30.~~32. Despite Plaintiff making it known that FSB's products and services were not wanted, employees of FSB continued to pressure him to take out a loan.

~~31.~~33. On July 28, 2023, Plaintiff emailed an Assistant Senior Vice President of ~~Defendant~~FSB, specifically requesting that ~~Defendant~~FSB cease contacting Plaintiff with any unsolicited calls.

~~32.~~34. Plaintiff received multiple telemarketing calls from ~~Defendant~~FSB, through Iconic Results, after July 28, 2023.

~~33.~~35. Many of the calls came from the telephone number (800) 570-5182, which Plaintiff was able to identify as affiliated with FSB when he received a telemarketing call from that number on October 27, 2023.

~~34.~~36. Over the course of the next couple of years, Plaintiff continued to receive dozens of calls from the (800) 570-5182 number. Plaintiff would also receive calls from other numbers, during which the individuals would identify themselves as being with FSB.

~~35.~~37. The calls invaded Plaintiff's privacy and intruded upon his right to seclusion.

~~36.~~38. Plaintiff did not consent to receive ~~Defendant's~~Defendants' calls prior to the receipt of the unsolicited conduct.

**FSB's Liability for Iconic Results' Conduct**

39. FSB retained Iconic Results to act on its behalf to identify, solicit, and deliver consumers interested in mortgage and refinance products.

40. FSB exercised control over who Iconic Results would contact by defining and modifying lead criteria communicated directly to Iconic Results.

41. FSB directed Iconic Results to increase or decrease call volume and dictated daily calling expectations.

42. FSB monitored Iconic Results' call output and required Iconic Results to explain the reasoning for different call volume and performance issues.

43. FSB retained and exercised unilateral authority to suspend or terminate Iconic Results' telemarketing campaigns.

44. FSB controlled the timing and scheduling of Iconic Results' calling campaigns.

45. FSB retained the right to audit and review Iconic Results' telemarketing policies, procedures, and compliance.

46. Iconic Results changed its internal operations, including staffing, vendor spend, and training, to comply with FSB's demands.

47. Iconic Results' telemarketing directly fed FSB's loan-origination pipeline, resulting in loan applications identifying FSB as the lender.

48. FSB ratified Iconic Results' telemarketing conduct by encouraging increased call volume, monitoring calls in real time, and continuing to accept and use Iconic Results-generated leads.

49. Despite contractual labels, Iconic Results' actual control over FSB's telemarketing renders Iconic Results its agent as a matter of law.

**Class Action Allegations**

37.50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38.51. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **Iconic Results National Do Not Call Registry Class: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Iconic Results (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.**
>
> **Federal Savings Bank National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of The Federal Savings Bank (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.
>
> **Federal Savings Bank Internal DNC Class:** All persons in the United States (1) who previously requested that their telephone numbers no longer be called, (2) but who received more than one telemarketing call from or on behalf of The Federal Savings Bank encouraging the purchase of The Federal Savings Bank's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

39.52. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes, as he has no interests that conflict with any of the Class members.

40.53. Plaintiff and all members of the Classes have been harmed by the acts of DefendantDefendants, including, but not limited to, the invasion of their privacy.

41.54. This Class Action Complaint seeks money damages.

42.55. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

43.56. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

44.57. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

45.58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46.59. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual Class members because of the uniformity of the telemarketing conduct.

47.60. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a)    whether multiple telemarketing calls were made promoting Defendant'sDefendants' goods or services to members of the Classes;

    (b)    whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c)    whether Defendant'sDefendants' conduct constitutes a violation of the TCPA; and

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant'sDefendants' conduct.

48.61. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

49.62. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by ~~Defendant~~Defendants and/or ~~its~~their agents.

50.63. The likelihood that individual members of the ~~Class~~Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5) et seq. and 47 C.F.R. § 64.1200(c))**
**for Plaintiff ~~and~~, the Iconic Results National Do Not Call Registry Class, and the Federal Savings Bank National Do Not Call Registry Class**

51.64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52.65. ~~Defendant FSB~~Defendants violated the TCPA and the regulations by making, or having ~~its~~their agent make, two or more telemarketing calls within a 12-month period to Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and the Federal Savings Bank National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

53.66. As a result of ~~Defendant FSB's~~Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and the members of the Iconic Results National Do Not Call Registry Class ~~members~~and the Federal Savings Bank National Do Not Call Registry Class are each entitled to

an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

54.67. Plaintiff and the members of the Iconic Results National Do Not Call Registry Class members and the Federal Savings Bank National Do Not Call Registry Class are each entitled to an award of treble damages if Defendant FSB'sDefendants' actions are found to have been knowing or willful.

## SECOND CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227)
### for Plaintiff and ~~the Federal Savings Bank~~ Internal DNC Class

~~55.~~68. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

~~56.~~69. ~~Defendant~~Defendants, or their agent, placed numerous calls for telemarketing purposes to Plaintiff and Federal Savings Bank Internal DNC Class members' telephone numbers.

~~57.~~70. ~~Defendant~~ Defendants, or their agent, did so despite not having an effective written policy pertaining to "do not call" requests.

~~58.~~71. ~~Defendant~~Defendants, or their agent, did so despite not effectively training ~~its~~their personnel on the existence or use of any internal "do not call" list.

~~59.~~72. ~~Defendant~~ Defendants, or their agent, did so despite not effectively recording or honoring "do not call" requests.

~~60.~~73. ~~Defendant~~ Defendants, or their agent, placed two or more telephone calls to Plaintiff and Federal Savings Bank Internal DNC Class members in a 12-month period.

~~61.~~74. Plaintiff and Federal Savings Bank Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. As a result of ~~Defendant's~~Defendants' negligent, willful, and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Classes up

to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

B.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Classes as the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

C.  Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the Complaint so triable.**

Dated: February 17, 2026

Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy (6225697)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
          misny@mmmb.com

_____Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 17, 2026, I electronically filed the foregoing with the Clerk of Courts via the CM/ECF System, which will send notification of such filing to all counsel of record.

                                              /s/ Brian K. Murphy
                                              Brian K. Murphy