**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM WILLET, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE FEDERAL SAVINGS BANK and ICONIC RESULTS LLC,<br><br>Defendants. | Case No.: 1:25-cv-11344<br><br>Judge Georgia N. Alexakis |

**DEFENDANT, THE FEDERAL SAVINGS BANK'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND REQUEST FOR INJUNCTIVE RELIEF AND AFFIRMATIVE DEFENSES**

Defendant, The Federal Savings Bank ("TFSB" or "Defendant"), by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to the First Amended Class Action Complaint for Statutory Damages and Request for Injunctive Relief filed by Plaintiff, William Willet ("Plaintiff"), and avers as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff William Willet ("Plaintiff") brings this action under the TCPA alleging that Defendant Iconic Results LLC ("Iconic Results") made telemarketing calls for purposes of promoting Defendant The Federal Savings Bank's ("FSB's") goods and services without his prior express written consent to him and other individuals that were listed on the National Do Not Call Registry.

**ANSWER:** Defendant denies the allegation contained in this Paragraph.

2. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

1

**ANSWER:** Defendant denies the allegations of this Paragraph as legal conclusions, except that Defendant admits that Plaintiff brings this action on behalf of proposed nationwide classes.

3. A class action is the best means of obtaining redress for Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

## PARTIES

4. Plaintiff William Willet is an individual.

**ANSWER:** The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies the same.

5. Defendant FSB is a privately held, federally chartered, FDIC-insured bank headquartered at 4120 W. Diversey Ave, Suite C501, Chicago, IL 60639 and with another branch located in Lake Forest, Illinois.

**ANSWER:** Admitted.

6. Defendant Iconic Results is a limited liability company.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

## JURISDICTION AND VENUE

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

**ANSWER:** The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's individual claims and denies the remaining allegations of this Paragraph.

8. The Court has personal jurisdiction over FSB because its principal place of business is in this District.

**ANSWER:** The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's individual claims and denies the remaining allegations of this Paragraph.

9. The Court has specific personal jurisdiction over Iconic Results because it entered into a contract with FSB in this District.

**ANSWER:** The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant does not challenge that this Court has venue over Plaintiff's individual claims.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**ANSWER:** Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

12. Section 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:** Plaintiff's allegation in this Paragraph are legal conclusions to which no

3

response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:** Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

16. FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do-not-call list. 47 C.F.R. § 64.1200(d).

**ANSWER:** Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

17.     Courts across the country have held that 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. § 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

18.     To engage in telemarketing, a company's do-not-call list procedures must satisfy six specific minimum requirements. 47 C.F.R. § 64.1200(d)(1)-(6).

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

19.     One of them is maintaining an internal do-not-call list. *Id*. at § (d)(6).

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

20.     Another is training personnel regarding the existence and use of the internal do-not-call list. *Id*. at § (d)(2).

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

21.     And still another is recording do-not-call requests and complying with them. *Id*. at § (d)(3).

**ANSWER:**     Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

22.     If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

**ANSWER:**    Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

## FACTUAL ALLEGATIONS

23.     FSB is a privately held, federally chartered bank. FSB specializes in mortgage lending, including adjustable-rate and fixed-rate mortgages, FHA loans, Veteran Affairs home loans, and other loan products. The bank also offers deposit products including certificates of deposit (CDs), checking accounts, and savings and money market accounts that earn interest.

**ANSWER:**    Admitted.

24.     While headquartered in Illinois, as a federal-chartered institution, FSB is able to provide home lending and other lending services in all 50 states and employs bankers across the country.

**ANSWER:**    Admitted.

25.     FSB has a specific client-focus on U.S. veterans, and about 30 percent of its lending services is directed to veterans.

**ANSWER:**    Admitted only that TFSB provides home lending solutions to veterans across the U.S. The remaining allegations are denied as stated.

26.     FSB utilizes nationwide telemarketing through third parties, such as Iconic Results, to promote its mortgage business, including targeting such telemarketing efforts towards veterans such as Plaintiff.

**ANSWER:**    Denied.

Calls to Plaintiff

27.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**    The allegations in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations of this Paragraph.

6

28.     Plaintiff's telephone number, (513) 807-XXXX, is a residential number.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

29.     Plaintiff's telephone number was on the National Do Not Call Registry, and had been for more than 30 days, when it was called by Defendant.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

30.     Plaintiff's telephone number is primarily used for personal purposes and is not associated with a business.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

31.     In July 2023, Plaintiff communicated via email with FSB about its loan products. Plaintiff never took a loan with FSB and expressly informed its employees that its offerings were insufficient for his needs.

**ANSWER:**     Denied. By way of further response, to the contrary, on or about July 27, 2023, Plaintiff applied for a mortgage with TFSB.

32.     Despite Plaintiff making it known that FSB's products and services were not wanted, employees of FSB continued to pressure him to take out a loan.

**ANSWER:**     Denied.

33.     On July 28, 2023, Plaintiff emailed an Assistant Senior Vice President of FSB, specifically requesting that FSB cease contacting Plaintiff with any unsolicited calls.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

34.     Plaintiff received multiple telemarketing calls from FSB, through Iconic Results, after July 28, 2023.

**ANSWER:**     Denied.

7

35. Many of the calls came from the telephone number (800) 570-5182, which Plaintiff was able to identify as affiliated with FSB when he received a telemarketing call from that number on October 27, 2023.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

36. Over the course of the next couple of years, Plaintiff continued to receive dozens of calls from the (800) 570-5182 number. Plaintiff would also receive calls from other numbers, during which the individuals would identify themselves as being with FSB.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

37. The calls invaded Plaintiff's privacy and intruded upon his right to seclusion.

**ANSWER:** Denied.

38. Plaintiff did not consent to receive Defendants' calls prior to the receipt of the unsolicited conduct.

**ANSWER:** Defendant denies the allegation contained in this Paragraph.

### FSB'S LIABILITY FOR ICONIC RESULTS' CONDUCT

39. FSB retained Iconic Results to act on its behalf to identify, solicit, and deliver consumers interested in mortgage and refinance products.

**ANSWER:** Denied.

40. FSB exercised control over who Iconic Results would contact by defining and modifying lead criteria communicated directly to Iconic Results.

**ANSWER:** The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

41. FSB directed Iconic Results to increase or decrease call volume and dictated daily calling expectations.

**ANSWER:** Denied. .

42. FSB monitored Iconic Results' call output and required Iconic Results to explain the reasoning for different call volume and performance issues.

**ANSWER:** Denied as stated.

43. FSB retained and exercised unilateral authority to suspend or terminate Iconic Results' telemarketing campaigns.

**ANSWER:** Denied as stated.

44. FSB controlled the timing and scheduling of Iconic Results' calling campaigns.

**ANSWER:** Denied as stated.

45. FSB retained the right to audit and review Iconic Results' telemarketing policies, procedures, and compliance.

**ANSWER:** Admitted.

46. Iconic Results changed its internal operations, including staffing, vendor spend, and training, to comply with FSB's demands.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, and therefore denies those allegations.

47. Iconic Results' telemarketing directly fed FSB's loan-origination pipeline, resulting in loan applications identifying FSB as the lender.

**ANSWER:** Denied as stated.

48. FSB ratified Iconic Results' telemarketing conduct by encouraging increased call volume, monitoring calls in real time, and continuing to accept and use Iconic Results-generated leads.

**ANSWER:** The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

49. Despite contractual labels, Iconic Results' actual control over FSB's telemarketing renders Iconic Results its agent as a matter of law.

**ANSWER:** The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent that a response is required, denied.

## CLASS ALLEGATIONS

50.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:**     Defendant incorporates its responses to the foregoing allegations as if fully set forth herein.

51.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23:

> **Iconic Results National Do Not Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Iconic Results (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.
>
> **Federal Savings Bank National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of The Federal Savings Bank (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.
>
> **Federal Savings Bank Internal DNC Class:** All persons in the United States (1) who previously requested that their telephone numbers no longer be called, (2) but who received more than one telemarketing call from or on behalf of The Federal Savings Bank encouraging the purchase of The Federal Savings Bank's goods or services, (3) within a 12- month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**ANSWER:**     The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

52.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes, as he has no interests that conflict with any of the Class members.

10

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

53. Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy.

**ANSWER:** Denied.

54. This Class Action Complaint seeks money damages.

**ANSWER:** The allegation contained in this paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

55. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

56. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which

11

no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

57. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

59. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual Class members because of the uniformity of the telemarketing conduct.

**ANSWER:** The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and

fact, and typicality of claims, among other requirements.

60.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

   (a)    whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the Classes;
   (b)    whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
   (c)    whether Defendants' conduct constitutes a violation of the TCPA; and
   (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER:**    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

61.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

**ANSWER:**    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

62.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

**ANSWER:**    The allegations contained in this paragraph are legal conclusions to which

no response is required. To the extent a response is required, Defendant denies the allegations of this Paragraph and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

63.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore deny the same.

**FIRST CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5) et seq. and 47 C.F.R. § 64.1200(c))**
**for Plaintiff, the Iconic Results National Do Not Call Registry Class, and the Federal Savings Bank National Do Not Call Registry Class**

64.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:**    Defendant incorporates its responses to the foregoing allegations as if fully set forth herein.

65.    Defendants violated the TCPA and the regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period to Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and the Federal Savings Bank National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

**ANSWER:**    Denied.

66.    As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and the Federal Savings Bank National Do Not Call Registry Class are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:**    Denied.

67.    Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and Federal Savings Bank National Do Not Call Registry Class are each entitled to an award of treble

14

damages if Defendants' actions are found to have been knowing or willful.

**ANSWER:** Denied.

**SECOND CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227)**
**for Plaintiff and Federal Savings Bank Internal DNC Class**

68. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to the foregoing allegations as if fully set forth herein.

69. Defendants, or their agent, placed numerous calls for telemarketing purposes to Plaintiff and Federal Savings Bank Internal DNC Class members' telephone numbers.

**ANSWER:** Denied.

70. Defendants, or their agent, did so despite not having an effective written policy pertaining to "do not call" requests.

**ANSWER:** Denied.

71. Defendants, or their agent, did so despite not effectively training their personnel on the existence or use of any internal "do not call" list.

**ANSWER:** Denied.

72. Defendants, or their agent, did so despite not effectively recording or honoring "do not call" requests.

**ANSWER:** Denied.

73. Defendants, or their agent, placed two or more telephone calls to Plaintiff and Federal Savings Bank Internal DNC Class members in a 12-month period.

**ANSWER:** Denied.

74. Plaintiff and Federal Savings Bank Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

Defendant, TFSB, for its affirmative defenses, alleges and states as follows:

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff gave consent, both express and implied, to be called.

2. Defendant cannot be liable to Plaintiff or the absent class members because they did not make or initiate any calls under the TCPA to Plaintiff.

3. Plaintiff is the cause of all the complained-of calls and is therefore barred from recovery.

4. Plaintiff and the members of the proposed classes lack standing to sue under the TCPA because they have not suffered any injury in fact as a result of the challenged conduct.

5. Defendant is not liable to Plaintiff because the actions complained of were performed by another party or parties.

6. To the extent the claims of any members of the putative classes arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations under 28 U.S.C. § 1658(a).

7. All conduct and activities of Defendant alleged in the Complaint complied with and conformed to all applicable laws, statutes, government regulations, and industry standards based upon the state of knowledge existing at the times alleged in the Compliant. By way of further explanation, Defendant reasonably and in good faith believes that the Plaintiff was contacted by a third-party pursuant to and in compliance with the TCPA. To the extent that Defendant is mistaken as to the manner in which Plaintiff's contact information was collected, and/or consent given, other third parties should be found liable for Plaintiff's damages, to the extent any exist, and not Defendant.

16

8.      Defendant reserves the right to add any and all additional affirmative defenses as they become known through discovery or investigation.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered the Complaint, Defendant prays for judgment as follows:

A.      That the Court deny Plaintiff's request to certify the proposed classes under Rule 23;

B.      That the Plaintiff and the putative classes take nothing by virtue of the Complaint;

C.      That the Complaint be dismissed with prejudice and judgment be entered in favor of Defendant;

D.      That the Court award Defendant its attorney's fees and costs, as allowed by law; and

E.      That the Court award Defendant such other and further relief as it deems just and proper.

Dated: March 20, 2026

Respectfully Submitted,

By:  ___/s/ *V. Amanda Witts*_____
V. Amanda Witts, Esq.
Nonny O. George, Esq.
MITCHELL SANDLER PLLC
2020 K Street, NW, Suite 760
Washington, DC 20006
(202) 886-5260
v.awitts@mitchellsandler.com
ngeorge@mitchellsandler.com

*and*

Steven M. Hartmann (ARDC No. 6185428)
SMITH, GAMBRELL & RUSSELL, LLP
155 N. Wacker Drive, Suite 3000
Chicago, Illinois 60606

17

(312) 360-6528
shartmann@sgrlaw.com

*Attorneys for Defendant,*
*The Federal Savings Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, the foregoing *Defendant The Federal Savings Bank's Answer to Plaintiff's First Amended Class Action Complaint for Statutory Damages and Request for Injunctive Relief and Affirmative Defenses* was filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *V. Amanda Witts*
V. Amanda Witts

19