**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| WILLIAM WILLET, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>THE FEDERAL SAVINGS BANK and ICONIC RESULTS LLC,<br><br>Defendants. | Case No. 1:25-cv-11344<br><br>Judge Georgia N. Alexakis |

### DEFENDANT ICONIC RESULTS LLC'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Iconic Results LLC ("Iconic") by and through its attorneys, Kelley Drye & Warren LLP, as and for its Answer and Affirmative Defenses[1] to the First Amended Class Action Complaint for Statutory Damages and Request for Injunctive Relief ("Amended Complaint") of Plaintiff William Willet ("Plaintiff"), individually and on behalf of a class of all persons and entities similarly situated, states as follows:

**Preliminary Statement**

1. Plaintiff William Willet ("Plaintiff") brings this action under the TCPA alleging that Defendant Iconic Results LLC ("Iconic Results") made telemarketing calls for purposes of promoting Defendant The Federal Savings Bank's ("FSB's") goods and services without his prior express written consent to him and other individuals that were listed on the National Do Not Call Registry.

---

[1] Iconic's response is limited to the numbered allegations set forth in the Amended Complaint. To the extent a response is required to the headings set forth in the Amended Complaint, they are denied.

**Answer:** Iconic denies that it placed any calls to Plaintiff. Iconic is aware that Plaintiff claims liability under 47 U.S.C. §§ 227, *et seq.* (the "TCPA"), but denies that Plaintiff is entitled to any of the relief he seeks for himself or the putative class. Iconic also denies that this case is suitable for class treatment or that Plaintiff meets the requirements of Federal Rule of Civil Procedure 23. Iconic further denies that it violated the TCPA or any other law and further denies that it placed any calls to Plaintiff.

2.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

**Answer:** Iconic denies the allegations contained in Paragraph 2 of the Amended Complaint that it placed any calls to Plaintiff. Iconic further denies that this case is suitable for class treatment or that Plaintiff meets the requirements of Federal Rule of Civil Procedure 23. Iconic further denies that it violated the TCPA or any other law and further denies that it placed any calls to Plaintiff.

3.      A class action is the best means of obtaining redress for Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Answer:** Iconic denies the allegations contained in Paragraph 3 of the Amended Complaint. Iconic further denies that this case is suitable for class treatment or that Plaintiff meets the requirements of Federal Rule of Civil Procedure 23. Iconic further denies that it violated the TCPA or any other law and further denies that it placed any calls to Plaintiff.

**Parties**

4.      Plaintiff William Willet is an individual.

2

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint and on this basis denies the allegations.

5. Defendant FSB is a privately held, federally chartered, FDIC-insured bank headquartered at 4120 W. Diversey Ave, Suite C501, Chicago, IL 60639 and with another branch located in Lake Forest, Illinois.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint and on this basis denies the allegations.

6. Defendant Iconic Results is a limited liability company.

**Answer:** Iconic admits that it is a limited liability company.

### Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

**Answer:** The allegations in Paragraph 7 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic admits that this Court has federal question jurisdiction over TCPA claims, subject to Iconic's right to challenge Plaintiff's standing under Article III, but otherwise denies that it committed any violation of law.

8. The Court has personal jurisdiction over FSB because its principal place of business is in this District.

**Answer:** The allegations in Paragraph 8 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies

3

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint and on this basis denies the allegations.

9.      The Court has specific personal jurisdiction over Iconic Results because it entered into a contract with FSB in this District.

**Answer:** The allegations in Paragraph 9 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic states that it is not contesting personal jurisdiction at this time with respect to Plaintiff's claim, but otherwise denies that it committed any violation of law or that the Court has personal jurisdiction over any claims on behalf of putative class members.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**Answer:** The allegations in Paragraph 11 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Iconic is not contesting that venue is proper, but otherwise denies that it placed any calls to Plaintiff.

<b>TCPA Background</b>

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and on this basis denies the allegations.

12.     Section 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone

4

subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**Answer:** The allegations in Paragraph 12 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 12 of the Amended Complaint purport to refer to a statute, and Iconic respectfully refers the Court to the referenced statute for the statute's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**Answer:** The allegations in Paragraph 13 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 13 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**Answer:** The allegations in Paragraph 14 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 14 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and

context and otherwise denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Answer:** The allegations in Paragraph 15 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 15 of the Amended Complaint purport to refer to a statute and regulation, and Iconic respectfully refers the Court to the referenced statute and regulation for their complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16.     FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do-not-call list. 47 C.F.R. § 64.1200(d).

**Answer:** The allegations in Paragraph 16 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 16 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17.     Courts across the country have held that 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations

6

promulgated pursuant to 47 U.S.C. § 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

**Answer:** The allegations in Paragraph 17 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 17 of the Amended Complaint purport to refer to a statute and regulation, and Iconic respectfully refers the Court to the referenced statute and regulation for their complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 17 of the Amended Complaint.

18. To engage in telemarketing, a company's do-not-call list procedures must satisfy six specific minimum requirements. 47 C.F.R. § 64.1200(d)(1)-(6).

**Answer:** The allegations in Paragraph 18 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 18 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 18 of the Amended Complaint.

19. One of them is maintaining an internal do-not-call list. *Id*. at § (d)(6).

**Answer:** The allegations in Paragraph 19 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 19 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Another is training personnel regarding the existence and use of the internal do-not-call list. *Id*. at § (d)(2).

**Answer:** The allegations in Paragraph 20 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 20 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. And still another is recording do-not-call requests and complying with them. *Id*. at § (d)(3).

**Answer:** The allegations in Paragraph 21 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 21 of the Amended Complaint purport to refer to a regulation, and Iconic respectfully refers the Court to the referenced regulation for the regulation's complete and accurate content and context and otherwise denies the remaining allegations in Paragraph 21 of the Amended Complaint.

22. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

**Answer:** The allegations in Paragraph 22 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the remaining allegations in Paragraph 22 of the Amended Complaint.

**Factual Allegations**

23.     FSB is a privately held, federally chartered bank. FSB specializes in mortgage lending, including adjustable-rate and fixed-rate mortgages, FHA loans, Veteran Affairs home loans, and other loan products. The bank also offers deposit products including certificates of deposit (CDs), checking accounts, and savings and money market accounts that earn interest.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and on this basis denies the allegations.

24.     While headquartered in Illinois, as a federal-chartered institution, FSB is able to provide home lending and other lending services in all 50 states and employs bankers across the country.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint and on this basis denies the allegations.

25.     FSB has a specific client-focus on U.S. veterans, and about 30 percent of its lending services is directed to veterans.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint and on this basis denies the allegations.

26.     FSB utilizes nationwide telemarketing through third parties, such as Iconic Results, to promote its mortgage business, including targeting such telemarketing efforts towards veterans such as Plaintiff.

**Answer:** Iconic did not call Plaintiff, and does not place calls as, or on behalf of, FSB. Iconic otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint and on this basis denies the allegations.

Calls to Plaintiff

27. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**Answer:** The allegations in Paragraph 27 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint and on this basis denies the allegations.

28. Plaintiff's telephone number, (513) 807-XXXX, is a residential number.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint and on this basis denies the allegations.

29. Plaintiff's telephone number was on the National Do Not Call Registry, and had been for more than 30 days, when it was called by Defendant.

**Answer:** Iconic denies that it ever placed any call to Plaintiff, and Iconic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended Complaint, and on this basis denies the allegations.

30. Plaintiff's telephone number is primarily used for personal purposes and is not associated with a business.

10

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint and on this basis denies the allegations.

31.     In July 2023, Plaintiff communicated via email with FSB about its loan products. Plaintiff never took a loan with FSB and expressly informed its employees that its offerings were insufficient for his needs.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint and on this basis denies the allegations.

32.     Despite Plaintiff making it known that FSB's products and services were not wanted, employees of FSB continued to pressure him to take out a loan.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint and on this basis denies the allegations.

33.     On July 28, 2023, Plaintiff emailed an Assistant Senior Vice President of FSB, specifically requesting that FSB cease contacting Plaintiff with any unsolicited calls.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint and on this basis denies the allegations.

34.     Plaintiff received multiple telemarketing calls from FSB, through Iconic Results, after July 28, 2023.

11

**Answer:** Iconic denies that it placed any call to Plaintiff. Iconic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Amended Complaint and on this basis denies the allegations.

35. Many of the calls came from the telephone number (800) 570-5182, which Plaintiff was able to identify as affiliated with FSB when he received a telemarketing call from that number on October 27, 2023.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint and on this basis denies the allegations.

36. Over the course of the next couple of years, Plaintiff continued to receive dozens of calls from the (800) 570-5182 number. Plaintiff would also receive calls from other numbers, during which the individuals would identify themselves as being with FSB.

**Answer:** Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and on this basis denies the allegations.

37. The calls invaded Plaintiff's privacy and intruded upon his right to seclusion.

**Answer:** The allegations in Paragraph 37 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. Plaintiff did not consent to receive Defendants' calls prior to the receipt of the unsolicited conduct.

**Answer:** Iconic denies that it ever placed any call to Plaintiff. The remaining allegations in Paragraph 38 of the Amended Complaint assert legal conclusions to which no response is

12

required. To the extent a response is required, Iconic denies the allegations contained in Paragraph 37 of the Amended Complaint and denies that it ever placed a call to Plaintiff.

### FSB's Liability for Iconic Results' Conduct

39.     FSB retained Iconic Results to act on its behalf to identify, solicit, and deliver consumers interested in mortgage and refinance products.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. The remaining allegations in Paragraph 39 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 39 of the Amended Complaint.

40.     FSB exercised control over who Iconic Results would contact by defining and modifying lead criteria communicated directly to Iconic Results.

**Answer:**   Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. The remaining allegations in Paragraph 40 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 40 of the Amended Complaint.

41.     FSB directed Iconic Results to increase or decrease call volume and dictated daily calling expectations.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. Iconic denies the remaining allegations in Paragraph 41 of the Amended Complaint. The remaining allegations in Paragraph 40 of the

13

Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 41 of the Amended Complaint.

42.     FSB monitored Iconic Results' call output and required Iconic Results to explain the reasoning for different call volume and performance issues.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. Iconic denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43.     FSB retained and exercised unilateral authority to suspend or terminate Iconic Results' telemarketing campaigns.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. The remaining allegations in Paragraph 43 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 43 of the Amended Complaint.

44.     FSB controlled the timing and scheduling of Iconic Results' calling campaigns.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. The remaining allegations in Paragraph 44 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 44 of the Amended Complaint.

45.     FSB retained the right to audit and review Iconic Results' telemarketing policies, procedures, and compliance.

14

**Answer:** Iconic admits the allegations in Paragraph 45 of the Amended Complaint.

46. Iconic Results changed its internal operations, including staffing, vendor spend, and training, to comply with FSB's demands.

**Answer:** Iconic denies the allegations in Paragraph 46 of the Amended Complaint.

47. Iconic Results' telemarketing directly fed FSB's loan-origination pipeline, resulting in loan applications identifying FSB as the lender.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB.

48. FSB ratified Iconic Results' telemarketing conduct by encouraging increased call volume, monitoring calls in real time, and continuing to accept and use Iconic Results-generated leads.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. The remaining allegations in Paragraph 48 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 48 of the Amended Complaint.

49. Despite contractual labels, Iconic Results' actual control over FSB's telemarketing renders Iconic Results its agent as a matter of law.

**Answer:** Iconic admits only that FSB purchases mortgage leads from Iconic Results and/or other independent companies affiliated with Iconic. Iconic denies that it placed any calls to Plaintiff, let alone calls placed on behalf of FSB. The remaining allegations in Paragraph 49 of

the Amended Complaint contain legal conclusions to which no response is required. To the extent

a response is required, Iconic denies the allegations in Paragraph 49 of the Amended Complaint.

### Class Action Allegations

50.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully

stated herein.

**Answer:** Iconic repeats and incorporates by reference its responses to Paragraphs 1 through

49 of this Amended Complaint as if fully stated herein.

51.     Plaintiff brings this action on behalf of himself and the following classes (the

"Classes") pursuant to Federal Rule of Civil Procedure 23:

> **Iconic Results National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Iconic Results (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

> **Federal Savings Bank National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of The Federal Savings Bank (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

> **Federal Savings Bank Internal DNC Class:** All persons in the United States (1) who previously requested that their telephone numbers no longer be called, (2) but who received more than one telemarketing call from or on behalf of The Federal Savings Bank encouraging the purchase of The Federal Savings Bank's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Answer:** The allegations in Paragraph 51 of the Amended Complaint assert legal

conclusions to which no response is required. To the extent a response is required, Iconic denies

the allegations in Paragraph 51 of the Amended Complaint and further denies that this case is

16

suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

52.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes, as he has no interests that conflict with any of the Class members.

**Answer:** The allegations in Paragraph 52 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Iconic denies the allegations in Paragraph 52 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

53.     Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy.

**Answer:** The allegations in Paragraph 53 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Iconic denies the allegations in Paragraph 53 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.  Iconic further denies that it violated the TCPA or any other law and further denies that it placed any calls to Plaintiff.

54.     This Class Action Complaint seeks money damages.

**Answer:** The allegations in Paragraph 54 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Iconic denies the allegations in Paragraph 54 of the Amended Complaint.  Iconic further denies that it violated the TCPA or any other law, that Plaintiff and the putative class are entitled to any relief, that this

17

case is suitable for class treatment, that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23, or that it placed any calls to Plaintiff.

55. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

**Answer:** The allegations in Paragraph 55 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 55 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

56. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

**Answer:** The allegations in Paragraph 56 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 56 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

57. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**Answer:** The allegations in Paragraph 57 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 57 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

58. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**Answer:** The allegations in Paragraph 58 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 58 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

59. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual Class members because of the uniformity of the telemarketing conduct.

**Answer:** The allegations in Paragraph 59 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 59 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

60. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

a) whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the Classes;

b) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

19

c) whether Defendants' conduct constitutes a violation of the TCPA; and

d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**Answer:** The allegations in Paragraph 59 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 59 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23. Iconic further denies that it violated the TCPA or any other law, that Plaintiff and the putative class are entitled to any relief, that this case is suitable for class treatment, that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23, or that it placed any calls to Plaintiff.

61. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

**Answer:** The allegations in Paragraph 61 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 61 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

62. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication

of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

**Answer:** The allegations in Paragraph 62 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 62 of the Amended Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

63. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**Answer:** The allegations in Paragraph 63 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint and on this basis denies the allegations. Iconic further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23.

**FIRST CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) et seq. and 47 C.F.R. 64.1200(c))**
**for Plaintiff, the Iconic Results National Do Not Call Registry Class, and the Federal**
**Savings Bank National Do Not Call Registry Class**

64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**Answer:** Iconic repeats and incorporates by reference its responses to Paragraphs 1 through 63 of this Amended Complaint as if fully stated herein.

21

65.      Defendants violated the TCPA and the regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period to Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and the Federal Savings Bank National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

**Answer:** The allegations in Paragraph 65 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 65 of the Amended Complaint. Iconic denies that it violated the TCPA or any other law and further denies that it placed any calls to Plaintiff.

66.      As a result of Defendants' violations of 47 U.S.C. § 227 et seq., Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and the Federal Savings Bank National Do Not Call Registry Class are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

**Answer:** The allegations in Paragraph 66 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 66 of the Amended Complaint. Iconic further denies that it violated the TCPA or any other law, that Plaintiff and the putative class are entitled to any relief, that this case is suitable for class treatment, that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23, or that it placed any calls to Plaintiff.

67.      Plaintiff and the members of the Iconic Results National Do Not Call Registry Class and the Federal Savings Bank National Do Not Call Registry Class are each entitled to an award of treble damages if Defendants' actions are found to have been knowing or willful.

22

**Answer:** The allegations in Paragraph 67 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 67 of the Amended Complaint. Iconic further denies that it violated the TCPA or any other law, that Plaintiff and the putative class are entitled to any relief, that this case is suitable for class treatment, that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23, or that it placed any calls to Plaintiff.

**SECOND CAUSE OF ACTION**
**Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227)**
**for Plaintiff and the Federal Savings Bank Internal DNC Class**

68. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**Answer:** Iconic repeats and incorporates by reference its responses to Paragraphs 1 through 67 of this Amended Complaint as if fully stated herein.

69. Defendants, or their agent, placed numerous calls for telemarketing purposes to Plaintiff and Federal Savings Bank Internal DNC Class members' telephone numbers.

**Answer:** Iconic denies that it placed any calls to Plaintiff and denies the remaining allegations contained in Paragraph 69 of the Amended Complaint as to Iconic. Iconic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Amended Complaint and on this basis denies the allegations.

70. Defendants, or their agent, did so despite not having an effective written policy pertaining to "do not call" requests.

**Answer:** Iconic denies that it placed any calls to Plaintiff and denies the remaining allegations contained in Paragraph 70 of the Amended Complaint as to Iconic. Iconic denies

23

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Amended Complaint and on this basis denies the allegations.

71.     Defendants, or their agent, did so despite not effectively training their personnel on the existence or use of any internal "do not call" list.

**Answer:** Iconic denies that it placed any calls to Plaintiff and denies the remaining allegations contained in Paragraph 71 of the Amended Complaint as to Iconic. Iconic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Amended Complaint and on this basis denies the allegations.

72.     Defendants, or their agent, did so despite not effectively recording or honoring "do not call" requests.

**Answer:** Iconic denies that it placed any calls to Plaintiff and denies the remaining allegations contained in Paragraph 72 of the Amended Complaint as to Iconic. Iconic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Amended Complaint and on this basis denies the allegations.

73.     Defendants, or their agent, placed two or more telephone calls to Plaintiff and Federal Savings Bank Internal DNC Class members in a 12-month period.

**Answer:** Iconic denies that it placed any calls to Plaintiff and denies the remaining allegations contained in Paragraph 73 of the Amended Complaint as to Iconic. Iconic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of the Amended Complaint and on this basis denies the allegations.

74.     Plaintiff and Federal Savings Bank Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

24

**Answer:** The allegations in Paragraph 74 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in Paragraph 74 of the Amended Complaint. Iconic further denies that it violated the TCPA or any other law, that Plaintiff and the putative class are entitled to any relief, that this case is suitable for class treatment, that Plaintiff can meet the requirements of Federal Rule of Civil Procedure 23, or that Iconic placed any calls to Plaintiff.

## PRAYER FOR RELIEF

The allegations in the wherefore clause of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, Iconic denies the allegations in the wherefore clause.

## AFFIRMATIVE AND OTHER DEFENSES

Any averment in the Amended Complaint that is not specifically and explicitly admitted in this Answer is denied by Iconic. Iconic asserts the defenses below without waiving its arguments that it may not bear the burden of proof for such defenses, and without converting into an affirmative defense any defense not required to be asserted as an affirmative defense.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff and each putative class member provided prior express consent or permission to receive the text messages of which they complain. Accordingly, Plaintiff's purported claims are barred.

25

### THIRD DEFENSE

Plaintiff's and the putative class members' purported claims against Iconic are barred, in whole or in part, because they did not receive a telephone solicitation placed by or on behalf of Iconic.

### FOURTH DEFENSE

Plaintiff's and the putative class members' purported claims are barred, in whole or in part, because they are not residential telephone subscribers.

### FIFTH DEFENSE

Plaintiff's and the putative class members' purported claims are barred because they have an established business relationship with Iconic.

### SIXTH DEFENSE

Plaintiff's individual and putative class purported claims against Iconic must be dismissed because neither Plaintiff nor the absent putative class members have suffered an injury-in-fact. Therefore, Plaintiff and the absent putative class members lack standing to assert their purported claims against Iconic.

### SEVENTH DEFENSE

Plaintiff's and the putative class members' purported claims against Iconic are barred by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### EIGHTH DEFENSE

Iconic alleges that any award of statutory penalties against Iconic would violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

### NINTH DEFENSE

Plaintiff's and the putative class members' purported claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### TENTH DEFENSE

This action is barred because Plaintiff has failed to join necessary and indispensable parties in the action.

### ELEVENTH DEFENSE

As a result of Plaintiff's and the absent class members' conduct, representations, and omissions, upon which Iconic detrimentally relied, Plaintiff and absent class members are equitably estopped from asserting any claim for relief against Iconic.

### TWELFTH DEFENSE

Plaintiff and/or the putative class has expressly or impliedly consented to and approved of all of the alleged acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative class are barred from pursuing their purported claims against Iconic.

### THIRTEENTH DEFENSE

Iconic alleges that Plaintiff and the putative class are not entitled to any relief because Iconic's conduct did not proximately cause any damages, injury, or loss to Plaintiff or any absent class member.

### FOURTEENTH DEFENSE

Iconic alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against Iconic regarding the matters that are the subject of the Amended Complaint.

### FIFTEENTH DEFENSE

Plaintiff's and the putative class members' purported claims for injunctive relief and/or declaratory relief are barred because Plaintiff and each putative class member cannot show that they have suffered or will suffer any irreparable harm or future harm from Iconic's alleged actions and because Plaintiff and each putative class member would have an adequate remedy at law.

### SIXTEENTH DEFENSE

Assuming Plaintiff and the putative class members were entitled to any compensation, which is denied, granting Plaintiff's demand would, upon information and belief, result in unjust enrichment, as Plaintiff and the putative class members would receive more compensation than they would be entitled to receive.

### SEVENTEENTH DEFENSE

Plaintiff and the putative class members have failed to mitigate their alleged damages.

### EIGHTEENTH DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred because they fail to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

### NINETEENTH DEFENSE

The Court lacks personal jurisdiction over any claims asserted by putative class members outside of Illinois.

### TWENTIETH DEFENSE

To the extent the claims of any members of the putative classes arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations under 28 U.S.C. § 1658(a).

28

## TWENTY-FIRST DEFENSE

Iconic reserves the right to assert any and all additional defenses of which Iconic becomes aware during the course of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Iconic respectfully requests that the Court:

1.      Order that Plaintiff have and recover nothing from Iconic;

2.      Dismiss with prejudice this action;

3.      Award to Iconic all of Iconic's expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.      Award such other and further relief in Iconic's favor as the Court deems just and proper.

Dated:   June 10, 2026                          KELLEY DRYE & WARREN LLP

                                                By:   _/s/ Becca J. Wahlquist_
                                                      Becca J. Wahlquist
                                                      350 South Grand Ave.
                                                      Suite 3800
                                                      Los Angeles, CA 90071
                                                      Tel: (213) 547-4900
                                                      Fax: (213) 547-4901
                                                      bwahlquist@kelleydrye.com

                                                      *Counsel for Defendant*
                                                      *Iconic Results LLC*

29

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of

Courts via the CM/ECF System, which will send notification of such filing to all counsel of record.


By:   */s/ Becca J. Wahlquist*
Becca J. Wahlquist