**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WILLIAM WILLET, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>THE FEDERAL SAVINGS BANK and ICONIC RESULTS LLC,<br><br>        Defendants. | Case No. 1:25-cv-11344<br><br><br>**JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to the Court's January 29, 2026 and June 11, 2026 minute orders, the parties submit this Joint Status Report regarding discovery progress, settlement status, and scheduling. The parties have exchanged written discovery and have been engaged in ongoing fact discovery. Discovery remains in progress, and the parties continue to meet and confer regarding discovery issues and the production of relevant information.

Plaintiff amended the Complaint to add Defendant Iconic Results LLC, and Iconic Results filed its Answer and Affirmative Defenses on June 10, 2026. Following the Court's June 11, 2026 minute order, counsel for all parties conferred pursuant to Rule 26(f) regarding an appropriate discovery schedule in light of Iconic Results' recent appearance. Because Iconic Results has only recently appeared in the case, it has not had a meaningful opportunity to participate in discovery, serve and respond to written discovery, collect and review documents, or conduct depositions.

The current fact discovery cutoff is June 30, 2026. Given that Iconic Results answered the Amended Complaint only shortly before the current discovery deadline, the parties believe additional time is necessary to permit full participation by all parties in discovery and to avoid

1

prejudice. Accordingly, the parties jointly request that the Court extend the fact discovery deadline by 120 days, from June 30, 2026, to October 28, 2026. The requested extension will allow the parties sufficient time to complete written discovery, document production, third-party discovery, and depositions involving the newly added defendant. The parties propose that any expert discovery schedule, if necessary, be addressed following the close of fact discovery.

The parties have discussed settlement but have not reached a resolution. At this time, the parties continue to evaluate the case and do not request a settlement conference. The parties will promptly advise the Court if they believe a settlement conference would be productive.

Respectfully submitted,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Counsel for Plaintiff*

*/s/ Becca Wahlquist*
Becca Wahlquist
bwahlquist@kelleydrye.com
Kelley Drye & Warren LLP
350 S. Grand Ave. Suite 3800
Los Angeles, CA 90071
(213) 547-4916
*Counsel for Iconic Results LLC*

*/s/ V. Amanda Witts*
V. Amanda Witts, Esq.
Nonny O. George, Esq.
MITCHELL SANDLER PLLC
2020 K Street, NW, Suite 760
Washington, DC 20006
(202) 886-5260
v.awitts@mitchellsandler.com

2

ngeorge@mitchellsandler.com
*Counsel for The Federal Savings Bank*